COX et al. v. THOMPSON et al.

(Court of Civil Appeals of Texas. Amarillo.
Nov. 8, 1913. Rehearing Denied Nov.
22, 1913.)

1. TRIAL (§ 396*) — FINDINGS — RESPONSIVENESS.

In an action on a note, where the petition alleged it was due October 1, 1906, a finding that the note was due October 1, 1907, is not

bad because not responsive to the pleadings, where defendant's answer alleged that the note was due on that date.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 935–938; Dec. Dig. § 396.*]

2. APPEAL AND ERROR (§ 909*)—REVIEW—PRESUMPTIONS.

In the absence of a statement of facts, the appellate court must presume that the proof sufficiently described the note upon which the lower court rendered judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

3. PLEADING (§ 403*)—ERROR IN PETITION—CURE BY ANSWER.

Even though the petition in an action on a note showed that it was barred by limitations, the error is cured where the answer showed that the note was not due until a later date than that alleged and so did not fall within the bar of limitations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

4. BILLS AND NOTES (§ 539*)—ACTIONS—FINDINGS—CONSTRUCTION.

A finding by the court that the evidence did not show that the defendants executed the note in suit is not sufficient to bar a recovery of the original debt under the principle that one who fraudulently alters a negotiable instrument cannot recover either on the note or the original debt.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1911–1913, 1934; Dec. Dig. § 539.*]

Error from Wise County Court; E. M. Allison, Judge.

Action by W. R. Thompson and others against G. W. Cox and others begun in Justice Court, where judgment was for defendants. On appeal to the County Court, judgment was had for plaintiffs, and defendants bring error. Affirmed.

R. E. Carswell and Robt. Carswell, both of Decatur, for plaintiffs in error. McMurray & Gettys, of Decatur, for defendants in error.

HALL, J. This suit was instituted by defendants in error in the justice court of Wise county, against plaintiffs in error, on a note for the sum of $115, alleged to have been executed by defendants in error on February 2, 1907, and due October 1, 1907, bearing interest at 10 per cent. and providing for 10 per cent. attorney's fees. The defendants pleaded non est factum, and the plaintiffs alleged that said note was a renewal of a former note for about the sum of $103, dated October 1, 1906, and due about October 1, 1907. A trial in the justice court resulted in a judgment for the defendants. On appeal to the county court, plaintiffs filed an amended petition, alleging the same facts, with the exception that the first note executed by defendants was dated on or about the 1st day of February, 1906, and due about the 1st day of October, 1906, and alleging, as in the former pleadings in the justice court, that said first note was lost or in the hands of the defendants and that it could not be

described with certainty. The amended petition prayed for a judgment thereon, in the event the said note for $115 should be held invalid. The defendants replied to said alternative plea, alleging that the former note was executed on October 1, 1906, and due October 1, 1907. Upon a trial in the county court without a jury, there was a judgment for plaintiffs on the first note, executed by defendants (plaintiffs in error), from which this appeal is prosecuted.

[1] Plaintiffs in error first attack the finding of the court that defendants executed a note in the fall of 1906, for about $100, due October 1, 1907, because the finding is not responsive to the pleadings of the parties. There is no statement of facts in the record. The defendants in error alleged the execution of a first note "in about the sum of $103 on about the——day of February, 1906, and due about the 1st day of October, 1906." Plaintiffs in error, however, allege that if said note was executed at all it was executed "in October, 1906, and due October 1, 1907." The failure of defendants in error to more specifically describe the first note as to its date and time of maturity is cured by this plea of plaintiffs in error.

[2] In the absence of a statement of facts, we must presume that the proof sufficiently described the note upon which the court rendered judgment.

[3] The second assignment is that the note described in plaintiff's petition as being due on October 1, 1906, was barred by limitation. This assignment would be good if the pleading of plaintiffs in error had not correctly described the note as being due October 1, 1907, which relieved it of the bar of limitation.

[4] The fourth assignment of error is that, the court having found that the second note for $115 was a forgery, defendants in error were not entitled to recover upon the first and urged the rule announced in Daniel on Negotiable Instruments (5th Ed.) § 1410a, that, where a person by his own fraud alters or changes an instrument in a material way, he can neither recover upon the altered or changed instrument, nor recover the amount of the original debt. The finding of the court upon this point is: "I find that the evidence does not sufficiently show that the defendants, G. W. Cox, J. O. Cage, and A. Myers, executed the $115 note sued on by plaintiff, and for the want of sufficient proof of its execution no recovery can be had on it; I find said note was not executed by defendants." This finding of the court, in the absence of a statement of facts, does not bring the case within the rule announced in Daniel on Negotiable Instruments, supra. As we understand that rule, it must be established that the obligee of any such instrument altered the instrument himself or that it was done with his knowledge or consent.

The finding certainly does not charge defendants in error with forgery.

Finding no reversible error in the ·judgment of the court, it is affirmed.